UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TEMITOPE AJOKE OGUNJI,

                Plaintiff,                     **MEMORANDUM AND ORDER**
  -against-                                       15-CV-590 (RRM) (LB)

CAMBA MAGNOLIA SHELTER and
DOROTHY AGOCHA,

                Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

      Plaintiff *pro se* Temitope Ajoke Ogunji filed the above-captioned action on February 3, 2015. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order. For the reasons that follow, the complaint is dismissed, with leave to re-plead within thirty (30) days of the date of this Order. Plaintiff's application for the appointment of *pro bono* counsel is denied.

      The complaint in this case consists of a few hand-written lines on a Sample Form Complaint and names Camba Magnolia Shelter and Dorothy Agocha as defendants. The Statement of Claim states, in its entirety:

> Dorothy Agocha I gave my Touch of Liberty to. Not knowing she has gone to tell people at Camba Magnolia that she his the landlord of the Touch of Liberty. She has to tell the court who she has mention it too. She his a thieve to the core. They are 35 of them that I have helped [*sic*].

(Compl. (Doc. No. 1).) The complaint requests $20,000 in damages. There are no other allegations or attachments. On February 24, 2015, plaintiff submitted two additional documents. One submission is an application for the appointment of *pro bono* counsel, in which Dorothy Agocha is identified as "Security." (Mot. to Appoint Counsel (Doc. No. 5).) That application repeats the allegation that Agocha has the "Touch of Liberty" and has told "people at Camba

Mgnolia that she his [sic] the landlord." (*Id.*)  The other submission includes a letter addressed "to whom it may concern" from Kenneth Wigginton, LMSW.  (Wiggington Feb. 24, 2015 Letter (Doc. No. 4).)  The writer of that letter states that he knew plaintiff during her stay at Woodhull Hospital, and notes further:

> She wanted someone to clarify that her admission was a result of a misunderstanding that the various staff disciplines comprising the Treatment Team through assessment and observation deemed that Ms. Ogunji did not require hospitalization and is able to represent herself accordingly.  Please accept this letter as an indication that at this time Ms. Ogungi [*sic*] is void of any maladaptive symptoms that would qualify her as being acutely psychotic.

*Id.*  Attached is a single page of a hospital admission record indicating plaintiff's admission date of February 12, 2015 at Woodhull Medical and Mental Health Center.

Title 28, section 1915(e)(2), of the United States Code provides that "the court shall dismiss the case at any time if the court determines that . . . the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,  678 (2009).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal quotations and citations omitted).

2

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint with "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

In this case, the Court is unable to determine the nature of the claim. The instant complaint fails to comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure or to provide any basis for this Court's jurisdiction. As the merits of the current complaint cannot be measured, the application for the appointment of counsel is denied without prejudice.

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days to file an amended complaint. Plaintiff is directed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. All further proceedings shall be stayed for thirty (30) days.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim and for lack of jurisdiction, pursuant to section 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The application for appointment of counsel is denied without prejudice. All proceedings shall be

stayed for thirty (30) days.  Any amendment shall bear the same case number (15-CV-590) and shall be clearly marked "Amended Complaint."

If plaintiff fails to re-plead within thirty (30) days of the date of this Order, judgment dismissing the complaint shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff *pro se*, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York  
   August 10, 2015

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge